IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DEMARIO D. WALKER, #L1625                                              PETITIONER

VERSUS                                         CIVIL ACTION NO. 2:13-cv-88-KS-MTP

SUPERINTENDENT DENMARK, et al.                                         RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for dismissal. Petitioner files his request for habeas relief pursuant to 28 U.S.C. § 2254. According to the petition [1] and attachment to the response [8-1], Petitioner is challenging a detainer lodged against him by the Sheriff's Department, Forrest County, Mississippi, for the criminal charge of uttering forgery. Petitioner indicates in his response [8] filed July 16, 2013, that he is currently serving time for an attempted uttering forgery conviction he received in Marion County, Mississippi. Even though Petitioner is not challenging the conviction which is the basis for his present incarceration, he is challenging a detainer and is awaiting trial on a pending criminal charge. With that in mind, the Court finds that this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)(citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)(holding that 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 is the proper habeas to pursue a pretrial habeas request)).

A pretrial habeas request pursuant to 28 U.S.C. § 2241 may be maintained if the petitioner is attempting to enforce a State's obligation to bring him to trial. *See Dickerson*, 816 F.2d at 224, 226. Petitioner, however, must exhaust available state court remedies prior to filing his claim in federal court. *See id.* at 225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)(determining that the exhaustion requirement to pursue a § 2241 habeas

has been judicially created).

A claim, however, that is seeking to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not permitted. *Braden*, 410 U.S. at 493. To determine the nature of the claim, a distinction has been made between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and one who seeks only to enforce the State's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). In *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), the Fifth Circuit held that the distinction is based on the type of relief requested by the petitioner. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 283. If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id*.

To the extent Petitioner is seeking that the Circuit Court of Forrest County, Mississippi, fulfill its obligation to provide him with a prompt and speedy trial, the Court finds that Petitioner has not exhausted his available state court remedies concerning this issue. According to Petitioner, even though he has challenged the detainer in the Circuit Court of Forrest County, *see* Resp. [8-4] at 3, he does not establish that he has presented his claim to the Mississippi Supreme Court or Mississippi Court of Appeals. The Court therefore finds that Petitioner does not meet the exhaustion requirement relating to the State's obligation to provide Petitioner with a fast and speedy trial and this claim will be dismissed without prejudice.

The Petitioner's claim that the detainer is a mistake and should be removed is an attempt

to have the charges in State court dismissed.  As such, Petitioner is asserting "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," *see Braden*, 410 U.S. at 508-09, and is an attempt to stop a state proceeding or to interrupt the systematic functioning of the state judicial processes.  Under these circumstances, Petitioner is not entitled to habeas relief and this claim will be dismissed with prejudice.

Based on the foregoing, to the extent that Petitioner is requesting a speedy trial in State court, this claim is dismissed without prejudice for failure to exhaust available state court remedies.  As for Petitioner's claim that the detainer is a mistake and should be removed, this claim is dismissed with prejudice.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 5th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE